UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GEORGE,<br>CDCR #BF–3836,<br><br>                              Plaintiff,<br><br>  vs.<br><br>UNITED STATES, et al.,<br><br>                             Defendants. | Case No.: 3:19-cv-01557-BAS-BLM<br><br>**ORDER:**<br><br>**1) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL AS BARRED BY 28 U.S.C. § 1915(g) [ECF Nos. 2, 3];**<br><br>**2) DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER [ECF Nos. 4, 7]; AND**<br><br>**3) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

      Plaintiff Joseph George, a prisoner currently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California,[1] and proceeding pro se, has filed a civil rights

---

[1] Plaintiff was incarcerated at High Desert State Prison ("HDSP") in Susanville, California when he submitted his Complaint on August 15, 2019, but he was transferred to CCI as of August 23, 2019. (*See* Compl., at 1, ECF No. 5 at 1.)

1

Complaint pursuant to 42 U.S.C. § 1983. (*See* "Compl.," ECF No. 1.)

Plaintiff's Complaint names more than 100 identified and unidentified Doe Defendants including the former Secretary of the California Department of Corrections and Rehabilitation, the former and current District Attorneys for the County of San Diego, various deputy district attorneys, San Diego Police Department and Superior Court officials, public defenders, the CEOs of AT&T, Walmart, and Rite Aid, plastic surgeons, public school officials, and dozens of correctional officers at Richard J. Donovan Correctional Facility, the California Substance Abuse and Treatment Facility ("SATF"), the California Institution for Men ("CIM"), HDSP, and Corcoran State Prison ("COR"). The Complaint is comprised of 353 pages including exhibits. Plaintiff asserts serial acts of "civil conspiracy" as well as violations of unspecified "fed/st[ate] constitutional civil rights, [and] tort law." He references retaliation, "failure to protect," assault, battery, denials of medical care, and he claims an "attempted 187" was committed against him at "several st[ate] prisons[,] jails[], and in free society," dating from 12/6/2006 to 7/20/19.[2] (*See* Compl. at 1–5, 11–19.)

Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2), together with a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 3), and two Motions for Temporary Restraining Order and Preliminary Injunction. (*See* ECF Nos. 4, 7.)

**I.    Motion to Proceed IFP**

    **A.    <u>Standard of Review</u>**

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face

---

[2] Plaintiff has filed two separate TROs requesting immediate preliminary injunctive relief, and his Complaint further "seeks authorization to start a militia," and asks that his "federal and state gun rights including [a] concealed weapon permit [be] reinstated as [a] right to protect [him]self upon release." (*See* Compl. at 10.)

an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El–Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–

3

3:19-cv-01557-BAS-BLM

52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

B. <u>Discussion</u>

1. **Plausible Allegations of Imminent Danger**

As best the Court can decipher, neither Plaintiff's Complaint nor his TROs contain "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, his Complaint alleges a vast conspiracy involving surveillance, harassment, and intimidation undertaken at the hands of both the state and federal governments to "orchestrat[e] organized criminals to attempt to murder, stalk, harass, recruit," and retaliate against him over the span of more than a decade before, during, and after his incarceration. This "tyrannical" conduct is allegedly supported by the reams of administrative appeals and prison records Plaintiff attaches in no particular order as exhibits to his pleading. (*See* Compl. at 8–10, 14–15, 24–353.) Plaintiff's first TRO claims his "life is in imminent danger" because he "has a big deep cavity between (2) teeth," and has been assaulted by prison gang members several times in the past while he incarcerated at SATF, COR, and HDSP. (*See* ECF No. 4 at 2–5.) His second TRO alleges, without any factual support, that he is in danger of "ambush" if he leaves his cell at CCI, and therefore, requires immediate injunctive relief requiring the Secretary of the CDCR and Warden of CCI "have [his] mail delivered to [his] cell door." (*See* ECF No. 7 at 1–2.)

Plaintiff does not plausibly allege in any of his filings to have been imminently targeted, subject to impending attack, or to face any viable danger <u>at the time he filed his Complaint on August 15, 2017.</u> To qualify for § 1915(g)'s exception, the danger allegedly faced must be real, proximate, and/or ongoing. *See Cervantes*, 493 F.3d at 1056; *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("[T]he harm must be imminent or occurring at the time the complaint is filed."). Speculative and non–specific allegations of potential danger, the possibility of retaliation, and incidents of past harm are insufficient. *Cervantes*, 493 F.3d at 1057 n.11; *see also Womack v. Sullivan*, No. 2:14-cv-85-EFB P,

2014 WL 11774841, at *1 (E.D. Cal. 2014) (finding inmate's allegations of post–traumatic stress and teeth–grinding due to prison's failure to provide him single–cell status insufficient to show "imminent danger of serious physical injury" under § 1915(g)), *report and recommendation adopted*, 2014 WL 11774842 (E.D. Cal. 2014), *aff'd,* 594 F. App'x 402 (9th Cir. 2015); *Beeson v. Copsey*, No. 1:10-cv-454-BLW, 2011 WL 4948218 (D. Idaho 2011) (finding allegations of "prison violence, reprisal, gov–action, [and] loss of const. rights" were "vague, non–specific allegations [and] . . . insufficient to show imminent danger"); *Sierra v. Woodford*, No. 1:07-cv-149 LJO GSA (PC), 2010 WL 1657493 at *3 (E.D. Cal. April 23, 2010) (finding "long, narrative, rambling statements regarding a cycle of violence, and vague references to motives to harm" insufficient to show the prisoner faced an "ongoing danger" as required by *Cervantes*).

Therefore, Plaintiff has not made any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." The Court now turns to whether Plaintiff has accumulated three strikes.

## 2. Three Strikes

While Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1119–20. That is the case here.

The Court finds that Plaintiff Joseph George, currently identified as CDCR Inmate #BF-3836, and formerly identified as CDCR Inmate #T-79867, (*see* Compl. at 30), has had three prior prisoner civil actions and/or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.[3]

---

[3] A court may take judicial notice of its own records, *see Molus v. Swan*, No. 05cv452-MMA(WMc), 2009 WL 160937, *2 (S.D. Cal. 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also*

They are:

1) *George v. Schultz.*, Civil Case No. 4:05-cv-01070-CW (N.D. Cal. Nov. 9, 2005) [Order Dismissing Amended Complaint for Failing to State a Claim pursuant to 28 U.S.C. § 1915A(b)] (ECF No. 12) (strike 1);

2) *George v. Doe*, Civil Case No. 4:07-cv-03697-CW (N.D. Cal. Aug. 1, 2007) [Order Dismissing Case as duplicative and abusive pursuant to 28 U.S.C. § 1915A)] (ECF No. 3) (strike two); and

3) *George v. United States, et al.*, Civil Case No. 3:19-cv-01544-AJB-BLM (S.D. Cal. Oct. 7, 2019) [Order Granting Motion to Proceed IFP, Denying Motions to Appoint Counsel and for Joinder and Dismissing Civil Action as Frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)] (ECF No. 9) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

The Court **DENIES** Plaintiff's Motion to Proceed In Forma Pauperis. (ECF No. 2.)

## II. Motion to Appoint Counsel

In addition, Plaintiff has filed a Motion to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1). (ECF No. 3.) However, a motion to appoint counsel pursuant to section 1915(e)(1) necessarily depends upon Plaintiff's ability to proceed IFP. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to

---

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

afford counsel."). The Court may not appoint counsel until Plaintiff has been determined eligible to proceed pursuant to the IFP statute due to indigence, and the decision to appoint counsel is within "the sound discretion of the trial court[,] and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Because Plaintiff is not entitled to proceed IFP pursuant to 28 U.S.C. § 1915(a) in this case, he is also not entitled to the appointment of counsel under § 1915(e)(1). The Court **DENIES** Plaintiff's Motion to Appoint Counsel. (ECF No. 3.)

## III. Motions for Temporary Restraining Order and Preliminary Injunction

Finally, Plaintiff seeks immediate injunctive relief pursuant to Federal Rule of Civil Procedure 65 preventing his "release from Ad/Seg," requiring his placement on non-disciplinary segregation status "with live feed surveillance camera monitoring," mandating that "the dentist perform tooth extraction or fillings on [his] first visit," and requiring the current Secretary of CDCR (who is not named as Defendant) and the Warden of CCI "have [his] mail delivered to [his] cell door." (*See* ECF No. 4 at 1, ECF No. 7 at 2.)

The Court finds that Plaintiff has not established he is entitled to injunctive relief. First, no notice of the requested TRO has been provided to the adverse party. A plaintiff that seeks a TRO without notice upon an adverse party must set out "specific facts in an affidavit or a verified complaint . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Plaintiff has not done so. "[C]ourts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). The Court finds it inappropriate to issue a TRO without notice here.

Second, a plaintiff seeking a preliminary injunction must establish: (1) a likelihood of succeed on the merits; (2) a likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). "The standard for issuing a temporary restraining order is identical to the standard

for issuing a preliminary injunction." *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *see also Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (holding the standards for issuing a TRO are "substantially identical" to those for issuing a preliminary injunction). "[I]njunctive relief is 'to be used sparingly, and only in a clear and plain case,'" especially when the court is asked to enjoin the conduct of a state agency. *Gomez v. Vernon*, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting *Rizzo v. Goode*, 423 U.S. 362, 378 (1976)).

Plaintiff fails to meet the *Winter* requirements. In fact, while his Complaint is hundreds of pages long, it does not contain "short and plain statement of the claim showing that [he] is entitled to relief," and therefore does not state any plausible claim upon which § 1983 relief can be granted. *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading can violate Rule 8(a) if it is "highly repetitious, or confused, or consist[s] of incomprehensible rambling.'" *Cafasso v. Gen'l Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (quoting 5 Wright & Miller, Fed. Prac. & Proc., § 1217 (3d ed. & Supp. Aug. 2019)); *see also Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1132 (9th Cir. 2008) ("[I]t is not the district court's job to stitch together cognizable claims for relief from [a] wholly deficient pleading.") (citation omitted); *Morrison v. United States*, 270 F. App'x 514, 515 (9th Cir. 2008) (affirming Rule 8 dismissal of pro se complaint "contain[ing] a confusing array of vague and undeveloped allegations," and which "did not allege sufficient facts or jurisdictional basis for any federal claim for relief.").

Without a short and plain statement for relief or a plausible claim upon which relief can be granted, Plaintiff's Complaint violates Rule 8. Therefore, Plaintiff has necessarily fails to show, for purposes of justifying preliminary injunctive relief, any likelihood of success on the merits of his claims. *See Pimental v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) ("[A]t an irreducible minimum the moving party must demonstrate a fair chance of success on the merits . . . ."). Having made this finding, the Court need not reach the

8

3:19-cv-01557-BAS-BLM

remainder of the *Winter* factors. *Williams v. Duffy*, No. 18-cv-6921-BLF, 2019 WL 95924, at *3 (N.D. 2019); *see also Asberry v. Beard*, No. 13cv2573 WQH (JLB), 2014 WL 3943459, at *9 (S.D. Cal. 2014) (denying prisoner's motion for preliminary injunction because his complaint was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, and therefore he had not shown he was "likely to succeed on the merits" of any claim, that "the balance of equities tip[ped] in his favor," or the issuance of an injunction would serve the public interest).

For these reasons, the Court **DENIES** Plaintiff's Motions for TRO and Preliminary Injunction (ECF Nos. 4, 7).

## IV. Conclusion and Orders

Based on the foregoing, the Court:

1) **DENIES** Plaintiff's Motions to Proceed IFP (ECF No. 2) and to Appoint Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 3) as barred by 28 U.S.C. § 1915(g);

2) **DENIES** Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 4, 7);

3) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

4) **CERTIFIES** that an IFP appeal of this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

5) **DIRECTS** the Clerk of the Court to close the file.

Plaintiff may re-open this case only if he pays the full $400 civil and administrative fee required by 28 U.S.C. § 1914(a) **on or before November 18, 2019**.

**IT IS SO ORDERED**.

**DATED: October 7, 2019**

Hon. Cynthia Bashant
United States District Judge